In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00250-CV

IN RE NICOLA OPDYCKE

**Original Proceeding
457th District Court of Montgomery County, Texas
Trial Cause No. 20-12-15503-CV**

## MEMORANDUM OPINION

Nicola Opdycke filed a petition for mandamus in which she complains the trial court abused its discretion by ordering her to produce documents that she argues are irrelevant and protected by her attorney-client privilege. *See* Tex. R. Civ. P. 192.3(a); Tex. R. Evid. 503. In response to a request for production, filed by a party opponent, Nicola filed a privilege log and claimed a large group of documents subject to the request were irrelevant and privileged. Nicola refused to produce them when she responded to the discovery.

1

The parties who sent the request, Thomas and Linda Opdycke (Nicola's stepchildren), jointly moved to compel Nicola to produce the documents she had refused to produce in response to their request. They supported their motion with evidence, evidence that supports their argument the documents not produced are relevant and not privileged.

The scope of discovery depends on the claims the parties have made in court in the suit. *See* Tex. R. Civ. P. 192.3(a). Two different but related lawsuits are at the heart of this dispute: (1) a will contest case, which Thomas and Linda filed to challenge the validity of their father's, Wallace Opdycke's, last will; and a declaratory judgment action, which Bessemer Trust Company N.A. filed against Nicola Opdycke and her stepchildren, Thomas and Linda, challenging Nicola's actions as related to a family trust. In the declaratory judgment action, Thomas and Linda filed counterclaims against Nicola complaining about the actions she took while acting as Wallace's attorney-in-fact. Nicola acted as Wallace's attorney-in-fact under two powers of attorney that Wallace gave Nicola over the years, which allowed her to become involved in decisions relevant to the manner the trustee managed the Wallace Opdycke Family Trust. Nicola, along with Thomas and Linda, are beneficiaries of the trust.

The record reflects that Thomas and Linda served Nicola with a request to produce documents relevant to issues in the two cases we have described generally

above. Nicola objected to producing many documents covered by the request, including a much smaller subset of documents now at issue. This subset of documents consists of emails Nicola exchanged with Joan West, a financial consultant employed by Bessemer Trust.

When before the trial court, Nicola argued the emails to and from West are not relevant to the claims in the suit and not discoverable because they are subject to her attorney-client privilege. The motion to compel and Nicola's response present competing arguments about whether the documents are relevant and privileged. Generally, as to the emails, the evidence shows Bessemer Trust provided financial services to members of the Opdycke family—to Wallace, to Nicola—and to the trustee of the Wallace Opdycke Family Trust.

The trial court held a hearing on Thomas's and Linda's motion to compel. Nicola provided the trial court with the documents she withheld from production so the trial court could inspect them in camera and determine whether the documents, which include the smaller subset of emails, are irrelevant or privileged as related to the claims the parties made in these suits. Following the hearing, the trial court ordered Nicola to produce several emails in the much larger set of documents the trial court reviewed. When Nicola filed her petition, she provided the Court with only the emails the trial court ordered her to produce, so we do not have the benefit of seeing the entire set of documents the trial court reviewed in camera when it

3

rejected Nicola's arguments claiming the emails are irrelevant and privileged. Under the order, Nicola must produce fewer than twelve pages of emails even though these twelve pages are just a small part of the set of documents the trial court reviewed.

We have independently inspected the evidence Thomas and Linda attached to their motion to compel, the evidence that Nicola attached to her response, and the emails the trial court ordered Nicola to produce. The evidence before us conflicts on whether the documents are covered by Nicola's attorney-client privilege. Even so, we agree with the trial court's conclusion that the emails are relevant to the claims in these suits, so they are discoverable if not privileged. We hold the trial court did not abuse its discretion by finding the emails relevant to the parties' competing claims.

We also conclude that Nicola has not shown the trial court abused its discretion by finding the emails are not subject to Nicola's attorney-client privilege. In the trial court, the parties presented conflicting evidence on whether West and Bessemer Trust acted as Nicola's *client representative*, given the definition of that term in the rule that governs the attorney-client privilege. *See* Tex. R. Evid. 503(2) (defining *client representative).* On this record, the trial court's resolution of that question was reasonable given the conflicting inferences available from evidence.

When a trial court's resolution of a discovery issue turns on inferences based on evidence, its determination is entitled to deference if its ruling is reasonable when

4

later challenged by mandamus. Simply put, "[a] trial court's determination of a factual issue is entitled to deference in a mandamus proceeding and should not be set aside unless it is clear from the record that only one decision could have been reached." *In Re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003). It is not clear here whether West and Bessemer Trust acted as Nicola's client representative as to the emails at issue. It is also not clear whether West and Bessemer Trust were hired by Nicola's personal attorney given the limited evidence in the record Nicola filed here.

Writs of mandamus are issued to compel trial courts to perform ministerial acts or duties, or to correct a clear abuse of discretion when there is otherwise no adequate remedy through an ordinary appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Having examined the evidence Nicola included with her petition, we conclude she has not established that a clear abuse of discretion occurred when the trial court ordered her to produce the emails that she is complaining about being ordered to produce here. For the reasons explained above, Nicola's petition is denied. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on September 20, 2021
Opinion Delivered October 21, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

5